*The final accounting in the Estate of* DANIEL DEVLIN.

An annuity, or income of a sum directed to be invested for support, commences to run from the death of testator.

Otherwise, with interest on a legacy of a sum of money, which only runs from the time when such legacy is due.

CHARLES E. MILLER, *for the Executors.*
HENRY E. HOWLAND, *for the Legatees.*
JEREMIAH B. AITKEN, *special guardian for infant legatees.*

THE SURROGATE. The testator bequeathed by his will a personal estate, for which his executor and executrix accounted, of $760,000.

He left no issue, but he had adopted three children, known as Mary, Margaret and Caroline Devlin.

By the third clause of his will, proved April 24, 1867, he bequeathed to each of these the sum of $10,000, in the following language:

"I give and bequeath unto each of my adopted children, Mary, Margaret and Caroline Devlin, the sum of ten thousand dollars, which I direct my executors to invest in the securities hereinafter mentioned, and to apply the dividends or income therefrom, respectively, to the use of each of said children until they respectively attain the age of twenty-one years or marry. Upon the happening of either of which events, provided the child then arriving at age or marrying shall have conducted herself to the satisfaction of my said wife, I direct my said executors to pay the said principal of ten thousand dollars to the child thus arriving at age or marrying; but in case the child thus arriving at age or marrying, shall not have conducted herself to the satisfaction of my said wife, then I direct my said executors to continue the investment aforesaid of the ten thousand dollars hereby bequeathed to such child, and to apply the dividends or income thereof to her use, as aforesaid, until my wife, by writing subscribed by her, consent to the payment of the principal sum; upon which consent being delivered to my said executors, I direct them to pay over said principal sum as aforesaid.

"And in case either of the said adopted children should die before age or unmarried, or after age or marriage, and without having satisfied my wife, as aforesaid, or in case of dissatisfaction without having obtained her consent in writing, as aforesaid, then the sum of ten thousand dollars hereby bequeathed to such adopted child, I direct shall become and be part of my residuary estate; and so in case

of each of my said adopted children, and the amount hereby given and bequeathed to each."

By a codicil, proved with the will, he increased the bequest to $35,000 to each, expressly providing that " the other provisions of the said third clause of his will should apply to the said sums of $35,000 in all respects, and to the same extent, as though the said sum of $35,000 had been inserted in said third article, instead of the sum of $10,000."

It is admitted as facts, in this case, that these legatees were adopted by the testator in their infancy, and were brought up in his household; that they were supported and educated by him in his lifetime, exclusively, and that he occupied towards them by his own acts, a *locum parentis;* that he had actually caused to be drawn a testamentary paper, making a still more liberal provision for them, which he was unable to execute, in consequence of his mortal sickness; that the legatees assumed his name and were known by it, by his own desire and direction; that they are possessed of no other property than that which he has bequeathed them by his will; and that they have no other support and maintenance than they may legally take under the above quoted clauses of his will. They have all married, and they claim the principals of their legacy (having conducted themselves to the satisfaction of the widow); also to have the interest applied to their use, to run from the date of the death of the testator.

I have already had occasion in this Court, to examine the question of the right of a legatee to interest, in the matter of *Fish's estate* (*ante, p.* 120; also, 19 *Abbot's Pr. R.,* *p.* 219), in 1865, and the views given there seem to be confirmed in the main by the decision of the Court of Appeals, in *Cooke* v. *Meeker,* 36 *N. Y. R.; p.* 15. The distinction between interest upon a sum of money left as a legacy, and an annuity or income bequeathed for support of the legatee, was apparently held in view by both the learned Judges

who delivered decisions in the last named case. The present accounting, however, has still a new feature. When the will went to probate, these adopted children were unmarried. The will established a trust in the executors to invest and apply the interest till they should marry; and that was a provision for an income for their support. That would carry interest, or rather make the income payable from the death of the testator. Now that they are married, the bequest has taken the form of a legacy of a sum of money, which, as they are not children of the testator, would not, by itself, have carried interest from death, but from one year after death of the testator. This at least was the law as laid down in *Lupton* v. *Lupton*, 2 *John. Ch. R., p.* 614, where Chancellor Kent held that "the general rule is, that a legacy, payable at a future day, does not carry interest until after it be payable, unless it be a legacy to a child, payable at a future day, and the child has no other provision allotted by the will. If there be no such provision, the legacy carries interest immediately. But the better opinion, or rather the weight of authority, is, that even this humane presumption does not apply to the case of grandchildren, and that there must be something special in the will, for that purpose, in the case of a grandchild, or a legacy payable at a future day will not carry interest."

In *Bradner* v. *Faulkner*, 12 *N. Y. Rep., p.* 472, Chief Judge Gardiner held that (there being other provisions made, namely, a devise of real estate for the legatee, daughter of the testator), she was not entitled to interest, on a legacy of money, from the date of the death of the testator; and that a legacy a sum of money does not draw interest from the estate till it becomes legally payable, under our statute.

The case of *Cooke* v. *Meeker*, which is supposed to have overruled *Bradner* v. *Faulkner*, does not deal with the legacy of a sum of money, nor touch the question of children of the testator. The *cestuis que trust* under that will

were grandchildren, who, under the Chancellor's decision, were not entitled to any preference over strangers in the matter of a mere legacy. The bequest was of a fund in trust, the income of which was to be applied to the support of these grandchildren. And the Chief Judge accordingly said:

"The weight of authority undoubtedly, now, is in favor of allowing the payment of annuities or incomes to commence at the testator's death. * * * The authorities would seem abundant, therefore, to sustain the doctrine, that where a sum is left in trust with a direction that the interest and income should be applied to the use of a person, such person is entitled to the interest thereof from the date of the testator's death." This decision must be held to have concluded the controversy, if any there was.

The intent of the testator, here, clearly was to provide for the support and maintenance of these children from the moment of his death, during their minorities, and to terminate the trust for that purpose and capitalize the legacies on their attaining majority or marrying. I think there can be no doubt that their right to receive interest from the date of the testator's death, accrued to and vested in them, while the bequest was only of the income. They are now entitled to receive the principals of their legacies, and all interest back to the date of death.